Filed 5/13/22  P. v. Vasquez CA2/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN A. VASQUEZ,<br><br>    Defendant and Appellant. | B300872<br><br>(Los Angeles County<br>Super. Ct. No. GA041420) |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Reversed and remanded.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang, Nancy Lii Ladner, Idan Ivri, and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Steven A. Vasquez appealed from the denial of his petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). We affirmed the trial court's order summarily denying Vasquez's petition without appointment of counsel on the basis that section 1170.95 did not provide relief for Vasquez because he was convicted of attempted murder.

The Supreme Court granted Vasquez's petition for review, and on February 16, 2022, it transferred the matter back to this court with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).[2] (Cal. Rules of Court, rule 8.528(d).)

We ordered our prior opinion vacated on March 1, 2022, and now issue this opinion.

## DISCUSSION

### *Legal Principles*

Section 1170.95, which was added to the Penal Code through the enactment of Senate Bill 1437, created a petitioning process by which a defendant convicted of murder under a felony murder or natural and probable consequences theory of liability

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The Supreme Court denied Vasquez's request to expand the issues on review as moot.

could petition to have his or her conviction vacated and be resentenced.  (§ 1170.95, subd. (a).)

As relevant here, Senate Bill 775 amended section 1170.95 to clarify that "persons who were convicted of attempted murder . . . under . . . the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theor[y]." (Stats. 2021, ch. 551, § 1, subd. (a).)

Pursuant to section 1170.95, as amended by Senate Bill 775, a petitioner must submit a declaration stating that he or she meets the requirements of the statute as set forth in subdivision (a), including that "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[,] (2) [t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[, and] (3) [t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

If the petition is facially sufficient and the petitioner has requested that counsel be appointed, the trial court appoints counsel.  (§ 1170.95, subd. (b)(3).)  "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response.  The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. . . . After the parties have had an opportunity

3

to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

Our Supreme Court issued *Lewis*, *supra*, 11 Cal.5th 952, prior to the enactment of Senate Bill 775.  Among other things, *Lewis* held that a petitioner is entitled to counsel under section 1170.95 upon filing a facially sufficient petition.  (*Id*. at p. 957.)  "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'  (§ 1170.95, subd. (c).)"  (*Ibid*.)  The right to counsel at this stage in proceedings is statutory only; the court's failure to appoint counsel may be deemed harmless under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 299 P.2d 243 (*Watson*).  (*Lewis*, *supra*, at pp. 957–958.)  Senate Bill 775 codifies *Lewis*'s holdings regarding a petitioner's right to counsel.  (*See* Stats. 2021, ch. 551, § 1, subd. (b).)

*Analysis*

In light of the amendments to section 1170.95, the parties agree that Vasquez is no longer ineligible for relief based on the fact that he was convicted of attempted murder rather than murder.  They disagree, however, as to whether the jury instructions given at trial in 2000 preclude Vasquez from

4

demonstrating that he "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) The People requested that we take judicial notice of the jury instructions and argued that the error was harmless because (1) there were no instructions given regarding the natural and probable consequences doctrine and (2) in light of the jury's verdicts and the instructions given, the jury necessarily found that Vasquez harbored the intent to kill the victim. Vasquez responded that ambiguities in the instructions may have caused the jury to convict him on a now-invalid theory of attempted murder, such that remand for appointment of counsel, briefing, and a hearing are required.

We agree with the parties that the trial court erred by failing to appoint counsel. We cannot say that the trial court's error was harmless under *Lewis*. The only evidence relevant to Vasquez's eligibility contained in the trial court record is the abstract of judgment and the amended abstract of judgment. These documents were sufficient to support the trial court's finding that Vasquez was convicted of attempted murder, and to support the trial court's ruling of ineligibility at the time the ruling was made. Standing alone, however, they do not suffice to preclude Vasquez's eligibility at this juncture.

As the People concede, it does not appear, either from the contents of the record or the trial court's written order, that the trial court denying Vasquez's petition under section 1170.95 reviewed the instructions that had been given to the jury at

5

Vasquez's trial.[3] Nor did the trial court have the opportunity to review any other evidence that appointed counsel may have offered to make a prima facie showing of Vasquez's eligibility.[4] The issue of whether ambiguities in the specific instructions given here could have led the jury to convict Vasquez of attempted murder under an invalid theory of liability may be informed by other portions of the record of conviction that are not before this court, and were not before the trial court. Accordingly, we reverse the order denying Vasquez's section 1170.95 petition, and remand the cause for the trial court to appoint counsel and conduct further proceedings consistent with this opinion.

---

[3] We note that the judge who ruled on Vasquez's petition under section 1170.95 was not the judge who presided at Vasquez's jury trial approximately two decades earlier.

[4] Citing to *Lewis*, *supra*, 11 Cal.5th 952, for the proposition that prior appellate opinions are a part of the record of conviction that should be considered by the trial court, the People argue that in its prior opinion another panel of this court held that, based on the facts presented, Vasquez necessarily harbored the intent to kill and acted with premeditation and deliberation. We will not address the argument here. We did not grant the People's request to take judicial notice of the prior appellate record, and nothing in the superior court record indicates that the trial court reviewed the prior appellate opinion or relied upon it in denying Vasquez's petition. We observe that the amendments to section 1170.95, subdivision (d)(3), bring into question whether the trial court may rely upon portions of the appellate record other than the "procedural history" when evaluating eligibility under section 1170.95. (*Ibid.* ["The court may also consider the procedural history of the case recited in any prior appellate opinion"].)

6

## DISPOSITION

The trial court's order denying Vasquez's petition for resentencing under section 1170.95 is reversed, and the cause is remanded for further proceedings.


MOOR, J.

We concur:


RUBIN, P. J.


BAKER, J.